[Cite as *Mahan-Ibanez v. Twin Valley Behavioral Health Care*, 2009-Ohio-7045.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

REGINA MARIE MAHAN-IBANEZ

      Plaintiff

      v.

TWIN VALLEY BEHAVIORAL HEALTH CARE

      Defendant
      Case No. 2009-07270

Judge Clark B. Weaver Sr.

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On September 16, 2009, plaintiff filed a "motion to state a claim." However, proof of service upon defendant was not endorsed thereon or separately filed as required by Civ.R. 5(D). Therefore, plaintiff's motion was stricken from the record.

{¶ 2} On October 1, 2009, defendant, Twin Valley Behavioral Health Center (TVBHC), filed a motion to dismiss plaintiff's complaint pursuant to Civ.R. 12(B)(6) or, in the alternative, a motion for summary judgment pursuant to Civ.R. 56 inasmuch as plaintiff's claims are barred by the statute of limitations. By entry dated October 23, 2009, the court notified the parties that defendant's motion would be considered as a motion for summary judgment and scheduled a non-oral hearing on defendant's motion for October 30, 2009.

{¶ 3} On October 29, 2009, plaintiff filed a motion for leave to file an amended complaint, and a combined motion to state a claim and to strike defendant's dispositive motion. On November 19, 2009, defendant filed a motion to strike plaintiff's October 29, 2009 filings. As an initial matter, the court notes that plaintiff's proposed amended complaint consists of 70 paragraphs most of which restate information regarding court

policies and procedures provided to the public on the court's website, or reproduce various statements of the law and citations to legal authorities. Attached to the amended complaint are approximately 150 pages of documents which include pleadings from other legal actions, handwritten notes and summaries, an insurance policy, and explanation-of-benefits statements. The substantive portion of plaintiff's proposed amended complaint either restates the allegations contained in the initial complaint or alleges violations of criminal statutes over which this court lacks jurisdiction. Accordingly, plaintiff's motion for leave to amend her complaint is DENIED. In addition, plaintiff's motion both to state a claim and to strike defendant's dispositive motion is DENIED and defendant's motion to strike is DENIED as moot. Defendant's motion for summary judgment is now before the court for non-oral hearing pursuant to Civ.R. 56 and L.C.C.R. 4.

{¶ 4} Civ.R. 56(C) states, in part, as follows:

{¶ 5} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 6} In her complaint, plaintiff alleges that in December 2004, employees of TVBHC confined her against her will with knowledge that false information was supplied

to the court to obtain an involuntary commitment order. Although portions of the allegations in plaintiff's complaint are somewhat rambling and at times incoherent, the court finds that all of plaintiff's claims asserted in the complaint arise out of an alleged false imprisonment. Plaintiff asserts that defendant is liable to her for injuries which she allegedly suffered as a result of such false imprisonment.

{¶ 7} Defendant contends that plaintiff's claims were not timely filed. In support of its motion for summary judgment, defendant submitted the affidavit of Robert Short, Chief Executive Officer of TVBHC. Mr. Short avers as follows:

{¶ 8} "1) I am employed by the Ohio Department of Mental Health ('ODMH') and serve as a Chief Executive Officer of the [TVBHC], located in Franklin County, Ohio.

{¶ 9} "2) I have present knowledge as to the subject matter and underlying facts of the litigation commenced by [plaintiff] in the Ohio Court of Claims.

{¶ 10} "3) [Plaintiff] is an individual who was involuntarily admitted to Twin Valley through the Probate Court of Franklin County on December 6, 2004. She was released on December 15, 2004. There are no other dates in which she was involuntarily committed."

{¶ 11} R.C. 2743.16(A) provides:

{¶ 12} "Subject to division (B) of this section, civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action *or within any shorter period that is applicable to similar suits between private parties.*" (Emphasis added.)

{¶ 13} The applicable statute of limitations for a cause of action which alleges false imprisonment is R.C. 2305.11(A), and it requires that an action for false imprisonment be commenced within one year after its accrual. See *Mickey v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 02AP-539, 2003-Ohio-90; *Haddad v. Dept. of Rehab. & Corr.*, Franklin App. No. 01AP-1130, 2002-Ohio-2813. As a general rule, a claim for false imprisonment accrues upon plaintiff's release from confinement. It is

undisputed that plaintiff was released from TVBHC on December 15, 2004. Plaintiff's complaint was not filed until May 22, 2008.

{¶ 14} For the foregoing reasons, the court finds that plaintiff's claim for false imprisonment is barred by the one-year statute of limitations as a matter of law. To the extent that plaintiff has asserted any other cause of action against defendant arising out of plaintiff's involuntary commitment, such action accrued, at the latest, on December 15, 2004. Thus, plaintiff had to have filed her complaint on or before December 15, 2006. See R.C. 2743.16. Based upon the foregoing, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Jennifer A. Adair                          Regina Marie Mahan-Ibanez
Assistant Attorney General                 2760 East Sixth Avenue
150 East Gay Street, 18th Floor            Columbus, Ohio 43219
Columbus, Ohio 43215-3130

SJMcmd
Filed December 10, 2009
To S.C. reporter December 29, 2009